[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action brought by the plaintiff, Michael W. Smith, to dissolve a partnership with the defendant, his brother Leo M. Smith, Jr.; to dissolve a corporation owned by the brothers; for the sale or partition of real estate owned by the partnership; and for use and occupancy. An evidentiary hearing was had on this matter on May 8, 1997, and final arguments were heard on May 28, 1997.
The court finds the following facts. In 1985, the brothers formed a partnership. The partnership acquired real estate at 849 North Main Street and 146 North Street in Killingly. The brothers also formed a corporation, MLS Transmission, Inc., of which they own an equal number of shares. The corporation operates a transmission repair shop at the 849 Main Street parcel.
Strife arose between the brothers producing constant quarreling and eventually fisticuffs. On September 1, 1995, the plaintiff desisted going to or participating in the transmission repair business at 849 North Main Street. On that date, the business was unprofitable. There is no proof that this state of CT Page 6558 affairs has improved since then. The defendant has paid nothing to the, plaintiff on behalf of the repair shop, and the plaintiff has paid nothing to the defendant toward the maintenance of the business since he left.
The fair market value of the real estate at 849 North Main Street is $160,000. An outstanding mortgage balance of around $14,300 is owed by the parties and encumbers this parcel. The fair market value of the North Street property equals $25,000. The value of the assets of the corporation, i.e. the inventory and equipment of the repair shop, is $30,000. The corporate shares have no value above the assets of the corporation.
Both parties agree that the partnership and corporation must be dissolved. They also concur that the assets of these entities need to be divided between the parties. They disagree as to the method for division and disposition. Neither party has elected to purchase the other's corporate shares under G.S. § 33-900.
The court dissolves the partnership under the provisions of G.S. § 34-70 (f) finding that it would be inequitable and unfair for these estranged brothers to maintain the partnership. Similarly, under G.S. § 33-896 (b)(2), the court orders the dissolution of MLS Transmissions, Inc., effective December 31, 1997, finding that the parties, as shareholders and directors, have been deadlocked since 1994 in managing corporate affairs.
The court also orders the following:
1. That the real estate be sold by private sale between Leo M. Smith, Jr. and Michael W. Smith.
2. That the sale would be conducted by a Committee appointed by the Court to conduct said sale.
3. The sale would be conducted in the following manner:
a. FIFTEEN (15) days after the appointment of the Committee, each party would have the opportunity to submit a sealed bid to the Committee.
b. FIFTEEN (15) days after the submittal of bids, the Committee shall file a report to the Court setting forth the bid amounts and indicating which party was the successful bidder. The Court will then act on the sale. CT Page 6559
c. THIRTY (30) days after the bid is approved by the court, the successful bidder will close on the sale. The Committee shall then file a report with the court along with the proceeds of the sale.
d. If the successful bidder fails to close within thirty days, then the next bidder shall have THIRTY (30) days to close the transaction. If the second party has not made a bid, or fails to close, then the Committee shall ask the Court to set a date for a public sale and the property will be sold by public auction.
e. The successful bidder shall purchase the assets of the corporation for $15,000 (one-half of their interest). That $15,000 shall be paid to the Committee at the time of closing.
f. The parties shall file a motion upon the approval of the sale as to the distribution of the proceeds. The Committee's fees and expenses shall be paid out of the proceeds of the sale. The balance of the proceeds shall be distributed to the parties in equal shares excepting therefrom, the $15,000 of the business assets.
4. Each party will participate in the closing of the partnership and the corporation and will execute whatever documents are required.
The court declines to award the plaintiff use and occupancy. The plaintiff left the repair I shop voluntarily although a rancorous situation existed. The defendant bore all of the debts of the property since the plaintiff departed, including the monthly mortgage payments. Under these circumstances, the court finds no equitable or legal basis for awarding payment for use and occupancy.
Sferraza, J.